No. 13816

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

THE STATE OF MONTANA,

            Plaintiff and Respondent,

    -vs-

TERRY H. DESHNER,

            Defendant and Appellant.

---

Appeal from:  District Court of the Eighth Judicial District,
              Honorable Joel G. Roth, Judge presiding.

Counsel of Record:

    For Appellant:

        Howard F. Strause argued, Great Falls, Montana

    For Respondent:

        Honorable Mike Greely, Attorney General, Helena,
          Montana
        Rick Anderson, Assistant Attorney General, argued,
          Helena, Montana
        J. Fred Bourdeau, County Attorney, Great Falls,
          Montana

---

                            Submitted:  December 6, 1977

                            Decided:  DEC 29 1977

Filed:  DEC 2  1977

Thomas J. Kearney
                                    Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court:

Defendant was charged with the crime of aggravated assault. Defendant was found guilty after trial by jury. Following denial of defendant's motion for a new trial, he appeals to this Court.

On July 21, 1976, at approximately 9:30 p.m. Dan VanDenBos and two companions were traveling in VanDenBos' car along First Avenue North in Great Falls, Montana. Near the intersection of Ninth Street and First Avenue North a white 1964 Pontiac with five occupants pulled out in front of the VanDenBos car nearly causing an accident. The two cars then continued along First Avenue North side by side with the occupants of both cars exchanging obscenities. Subsequently, one of the occupants of the white Pontiac fired two shots with a slingshot at the VanDenBos car. The second shot struck VanDenBos in the left side of the face.

VanDenBos then stopped his car, examined himself to determine if he was bleeding, and proceeded to a hospital emergency room. He was examined by the emergency room physician and spoke to Officer David J. Brinka about the incident. A description of the white Pontiac and its occupants was given to the officer.

Pursuant to this complaint, a car of the same description was stopped later the same evening. Among the occupants of the car was defendant, Terry Deshner. A followup investigation by Officer David Warrington resulted in the arrest of Deshner. Subsequent to his arrest, defendant was given his Miranda warning, signed a waiver, and stated that it was he who had shot at the VanDenBos automobile with a slingshot. He stated, however, that he was acting in self-defense and was not sure that he had actually struck VanDenBos. This incriminating statement

was testified to by Officer Warrington at the trial.

The state's case-in-chief consisted of the testimony of VanDenBos, Officers Brinka and Warrington, and Dr. Thomas M. Keenan, a physician who examined the victim the morning after the incident. Defendant chose not to present evidence.

VanDenBos testified that he was driving his car at the time of the incident and was struck on the jaw by some kind of projectile. He testified that he was not aware of exactly what had hit him and was not sure the projectile had been propelled by a slingshot. VanDenBos also testified that he did not know who flung the projectile at him.

No other witnesses were called by the state to show that VanDenBos had been struck by a projectile fired from a slingshot or that defendant had fired a projectile at the victim. It should be noted that two other individuals were in the VanDenBos car at the time of the incident. They were not called as witnesses.

Two issues are presented for our consideration on appeal:

1. Whether sufficient evidence was produced by the state to sustain a verdict of guilty of the charge of aggravated assault as defined by section 94-5-2Q2(1)(b), R.C.M. 1947.

2. Whether the District Court erred in refusing to give an instruction to the jury stating that a confession must be corroborated by other evidence before a guilty verdict can be returned.

On the first issue, defendant contends that there is no proof that the slingshot which was used was capable of producing death or serious bodily injury, an element of the crime of aggravated assault. He points out that neither the slingshot nor the projectile were ever introduced in evidence or described to the jury.

Section 94-5-202(1)(b) defines the elements of the crime:

> "A person commits the offense of aggravated assault if he purposely or knowingly causes:
>
> " * * *
>
> "(b)bodily injury to another with a weapon."

Section 94-2-101(65), R.C.M. 1947, defines a "Weapon" as:

> " * * * any instrument, article or substance which, regardless of its primary function, is readily capable of being used to produce death or serious bodily injury."

Serious bodily injury is defined as bodily injury which creates a substantial risk of death or which causes serious permanent disfigurement, or protracted loss or impairment of the function or process of any bodily member or organ. Section 94-2-101(53), R.C.M. 1947.

The evidence presented at trial concerning proof of the use of a slingshot in the assault on VanDenBos is as follows. VanDenBos testified on direct examination that he was struck by a projectile propelled by a slingshot. However, he later partially recanted and stated that he was not sure it was a slingshot that had propelled the projectile that struck him. Officer Warrington testified as to a confession made by defendant to him wherein defendant admitted firing two shots with a slingshot at the VanDenBos automobile.

The cumulative effect of the testimony offered at trial, taken in the light most favorable to the state does not prove that the assault was committed with a weapon "capable of being used to produce death or serious bodily injury". Even if we assume that the use of a slingshot was adequately proven, the record is barren of any testimony that the slingshot-projectile combination was in fact a weapon capable of producing death or bodily injury. No evidence

was presented concerning the size, weight or shape of the projectile which struck the victim nor the velocity at which the slingshot was capable of propelling such projectile. The evidence indicated that VanDenBos received a bruise on the jaw requiring no hospitalization and that no bones were broken. Such proof falls far short of establishing an assault with a weapon capable of being used to produce death or serious bodily injury as required by statute.

Since the evidence was insufficient to support the conviction, discussion of the second issue is unnecessary. The judgment of the District Court is reversed and the charge of aggravated assault dismissed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices