No. 80-361

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

IN RE THE MARRIAGE OF

EUGENE C. TIDBALL,

Petitioner and Appellant,

vs.

MARCIA TIDBALL,

Respondent and Respondent.

Appeal from: District Court of the Second Judicial District,
In and for the County of Silver Bow.
Honorable James Freebourn, Judge presiding.

Counsel of Record:

For Appellant:

Poore, Roth, Robischon and Robinson, Butte, Montana

For Respondent:

John L. Peterson, Butte, Montana

Submitted on briefs: December 23, 1980

Decided: MAR 31 1981

Filed: MAR 31 1981

_____ Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Petitioner Eugene Tidball appeals from an order entered in District Court, Silver Bow County, denying his petition to terminate maintenance payments to respondent Marcia Tidball. We affirm.

In September 1976, a dissolution decree was entered in District Court, Silver Bow County, which required petitioner to pay both child support for the care of the parties' son Stephen, and spousal maintenance. Based on the criteria set out in section 40-4-203(1), MCA, the court determined that respondent was the custodial parent of a child needing special care and that for this reason respondent should not be required to seek employment outside the home. The parties agreed at that time that the parties could seek future modification of the maintenance award based on a change in the circumstances set out in section 40-4-203, MCA. They specifically rejected reliance on the criteria for modification in section 40-4-208, MCA, the modification provision of the UMDA, which requires a showing of unconscionability.

Eugene Tidball petitioned the District Court in March 1980, asking the court to discontinue the maintenance award. He alleged that Marcia Tidball had sought and obtained employment in Arizona as a teacher, and no longer required maintenance. He also argued that the son who needed her care at the time of the dissolution was now performing adequately in school, leaving Marcia free to work outside the home.

The evidence at the June 1980 show cause hearing indicated that respondent worked during the last part of the 1978-79 school year and obtained a full-term contract for the 1979-80 school year. However, shortly after the petition seeking modification was filed, respondent left her job in Arizona and moved to California. She testified that working fulltime and caring for Stephen was a severe emotional and physical strain and left her unable to adequately care for Stephen.

Based on the evidence presented at this hearing, the district judge found that the petitioner had not shown a sufficient change in circumstances to require a discharge of the maintenance obligation. He found that respondent's attempts at pursuing a career could not be maintained because of the physical and emotional stress involved in working fulltime and in caring for her son. Additionally, he determined that Stephen's grades were suffering because respondent did not have the time and energy to help him while she was employed. From these findings, the district judge concluded that petitioner was not entitled to relief from maintenance payments.

On appeal, petitioner raises several issues:

(1) Did the district judge err in his interpretation of section 40-4-203, MCA, in finding that respondent met the statutory requirements necessary for spousal maintenance?

(2) Did the district judge abuse his discretion in refusing to discharge the maintenance award?

(3) Was petitioner effectively denied his right of review by respondent's act of quitting her job and reducing her income to a point of need?

(4) Did the district judge err in refusing evidence offered by petitioner showing improvement in Stephen's grades?

The parties to a dissolution can decide on the criteria to be considered in a modification of a maintenance award. Section 40-4-201, MCA. Here, petitioner and respondent agreed to allow modification if there was a showing of change in those factors set out in section 40-4-203, MCA, without proof of unconscionability:

> "Maintenance. (1) In a proceeding for dissolution of marriage or legal separation or a proceeding for maintenance following dissolution of the marriage by a court which lacked personal jurisdiction over the absent spouse, the court may grant a maintenance order for either spouse only if it finds that the spouse seeking maintenance:
>
> "(a) lacks sufficient property to provide for his reasonable needs; and

- 3 -

"(b) is unable to support himself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home."

Evidence at the time the dissolution decree was entered and maintenance awarded indicated that respondent, as custodian, should not work because Stephen needed her attention. Additionally, at that time, Marcia lacked the education credits necessary to pursue a teaching career.

At the time of the hearing on modification, respondent testified that Stephen was still suffering from a hearing problem and speech difficulty. That circumstance had not changed from the time of the original decree. Respondent testified that although she had now completed a master's degree in special education and had been successfully employed, she was unable physically and emotionally to both work fulltime and to adequately attend to her son's needs. She testified to the difficulty of teaching special education all day and then working with a hearing-impaired child at home.

Petitioner argues that respondent is not automatically entitled to maintenance, and that to qualify, she must meet the prerequisites set out in the statute, citing Johnsrud v. Johnsrud (1977), 175 Mont. 117, 124-125, 572 P.2d 902, 906. Petitioner is correct but he contends that respondent should be granted maintenance only if the court finds that respondent is "unable to support [herself]." Petitioner fails to recognize the other set of circumstances in which a spouse can qualify for maintenance, and the one that is pertinent here: the spouse "lacks sufficient property to provide for [her] reasonable needs; and . . . is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home." Section 40-4-203, MCA.

We find that the district judge properly interpreted this statute in ordering continued maintenance to respondent.

Respondent has demonstrated that she can in fact obtain and hold a job. But we note that the statute does not demand that the custodial parent of a special child must work if she is capable of doing so. The statute directs the district judge to determine only whether it is appropriate under the circumstances that she be required to work. The judge determined that it was not appropriate, and we find no error in this interpretation.

Petitioner next alleges that the district judge abused his discretion in adopting respondent's proposed findings and conclusions. We find that there is sufficient, though conflicting, evidence in the record to support the findings, no matter which party prepared them for the court. Respondent testified to her health problems and to the fact that Stephen needed her at home. She testified to his scholastic problems and his need to have her help him with school work. Evidence of Stephen's improved grades was introduced, but the judge found respondent's testimony concerning his dependence on her for help with school work to be more persuasive. The district judge is the trier of fact in this case and we will not set aside his findings unless they are clearly erroneous. Jensen v. Jensen (1979), ____Mont.____, 597 P.2d 733, 735, 36 St.Rep. 1259, 1262; Rome v. Rome (1981), ____Mont.____, 621 P.2d 1090, 1092, 38 St.Rep. 50, 53.

We do find an abuse of discretion, though, in the court's adoption of petitioner's proposed finding No. 3, stating that respondent had increased financial needs which require her to seek additional financial assistance. The issue of increasing spousal maintenance was not before the District Court in this proceeding and no evidence was presented on that issue. Accordingly, we vacate this finding.

The testimony of Marcia Tidball indicates that one of the reasons for her quitting her job and moving to California was the filing of the modification petition by her former husband. This

act, according to petitioner, effectively denied petitioner his right of review, because in voluntarily cutting her income, respondent forced him to continue making maintenance payments.

Respondent admitted that her departure from Arizona and from her job coincided with the filing of the petition. But her testimony indicates that other factors prompted her to leave, and that the filing of the petition was merely the final impetus. She testified:

> "[I]t's very hard to teach Special Ed and then go home and deal with a hearing impaired child. It's an emotional strain, a physical strain, and aside from your filing of the papers and my health things, I was under quite a strain. . . Well I was exhausted from my job, I was exhausted from Steve's grades going down, and then this new threat in having to go to a lawyer, I didn't have time in the day, along with the financial thing, to get a lawyer in Tucson and start this case again."

Based on this testimony and other evidence, the district judge denied the reduction in maintenance, finding insufficient change in the circumstances. We cannot say that petitioner was denied his right to a review of the prior order merely because the judge found in respondent's favor. The evidence that respondent left her job voluntarily was introduced, but the findings indicate that the judge found other factors to be determinative in his decision to continue the maintenance payments. The voluntary departure alone does not require a finding that respondent is no longer entitled to maintenance. See Rome, supra, ____Mont. at ____, 621 P.2d at 1092, 38 St.Rep. at 52.

The last issue raised by petitioner involves the district judge's refusal to allow cross-examination of respondent concerning the relationship between respondent's past employment and Stephen's grades. The judge refused to allow the inquiry because the evidence which counsel attempted to introduce had been heard in the earlier dissolution proceedings. He did agree to take judicial notice of that testimony.

We find no error in the judge's ruling. Petitioner was

attempting to show the effect, if any, of respondent's working on Stephen's grades. He was able to cross-examine her as to the grades-work relationship since the time of the dissolution, and he introduced evidence of Stephen's grades in 1979-80. He apparently did not attempt to show the relationship in 1977-78, at a time when respondent was not working. The judge ruled only that he did not want to again hear any testimony concerning Stephen's grades which had been heard earlier. The record indicates that petitioner was not precluded from presenting testimony concerning change in conditions since the time of the decree.

The judge had sufficient information before him to allow him to determine whether existing circumstances now required a discharge of the maintenance award. It was unnecessary to allow in testimony of events prior to the dissolution.

The order of the District Court is affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices