No. 88-232

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

IN RE THE MARRIAGE OF
B.H.J.,

            Petitioner and Respondent,
    and

D.J.,

        Respondent and Appellant.

---

APPEAL FROM:  District Court of the Thirteenth Judicial District,
              In and for the County of Yellowstone,
              The Honorable Robert W Holmstrom, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            Bruce E. Lee, Billings, Montana

        For Respondent:

            Fred E. Work, Jr., Work Law Firm, Billings, Montana

---

                        Submitted on Briefs:  Aug. 4, 1988

                            Decided:  August 30, 1988

Filed:  AUG 3 0 1988

                        _Ethel M. Harrison_
    _____
                        Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Husband appeals the decision of the District Court of the Thirteenth Judicial District, Yellowstone County, denying his request for extended and overnight visitation with his minor children. We affirm.

The sole issue presented on appeal is whether the District Court abused its discretion by denying husband extended and overnight visitation with the children of the marriage.

The parties in this case married on August 16, 1980 in Billings, Montana. The three children born of the marriage are now ages seven years, six years and eighteen months. After marital difficulties, the parties separated in February 1986 and the wife petitioned for a dissolution of the marriage in March 1987. The parties primary dispute centers around husband's visitation of the children.

The District Court ordered joint custody to both parents with wife designated as the primary residential custodian. Husband sought liberal visitation with the two older children, specifically every other weekend beginning on Friday at 5:00 p.m. and ending on Sunday at 8:00 p.m.; alternating major holidays including Christmas, Thanksgiving, Easter, July 4th, Labor Day and Memorial Day; and eight continuous weeks each summer. Husband also requested that the infant, after he reached a suitable age, be included in the visitation schedule of the older children. Until such time, however, he requested reasonable visitation with the infant after consideration of the child's age. Wife sought to restrict husband's visitation schedule with the older children to alternate Saturdays from 9:00 a.m. to 8:00 p.m.

2

The District Court limited husband's visitation to every Saturday from 9:00 a.m. to 8:00 p.m. Husband appeals, arguing that the District Court abused its discretion by basing its denial of his request for overnight visitation with the older children on its suspicion that he is sustaining himself through distribution of illegal drugs, yet the record does not contain any credible evidence to suggest that he was, at the time of trial or within a substantial time proceeding trial, involved in using, dealing or selling illegal drugs.

Husband also notes that § 40-4-224(1), MCA, states that "the court shall presume joint custody is in the best interest of a minor child . . .," and then argues that the District Court's order, although labeled a "joint custody," in reality vests wife with sole custody while severely restricting his visitation with the children. Husband then argues that the court did not follow the serious endangerment standard specified by the visitation statute, § 40-4-217, MCA, when determining his visitation rights.

This statute addressing visitation rights of a parent, § 40-4-217, MCA, states in pertinent part that "[a] parent not granted custody of the child is entitled to reasonable visitation rights unless the court finds, after a hearing, that visitation would endanger seriously the child's physical, mental, moral, or emotional health." Section 40-4-217(1), MCA. This statute implies that the visitation schedule be consistent with the best interests of the child. Jones v. Jones (Mont. 1980), 620 P.2d 850, 851, 37 St.Rep. 1973, 1975. On appeal, this Court will not disturb a visitation schedule ordered by the District Court when it is supported by substantial credible evidence. In Re the Marriage of J.A.M. and D.A.M. (Mont. 1988), 750 P.2d 1097,

3

1098, 45 St.Rep. 437, 438; In Re the Support of Rockman (Mont. 1985), 705 P.2d 590, 593, 42 St.Rep. 1323, 1327.

We hold that substantial credible evidence does exist to support the District Court's order limiting husband's visitation with his minor children to every Saturday from 9:00 a.m. to 8:00 p.m. In ordering the visitation schedule, the court took note of husband's past but extensive involvement as a user and distributor of illegal drugs. While husband claims he no longer engages in such activities, the court noted that he has maintained a comparatively affluent lifestyle with only the help of his live-in friend who works part-time as a waitress earning minimum wages. Exposure to such illegal activities would certainly meet the serious endangerment standard outlined in § 40-4-217, MCA.

The record also contains a report by Court Services, recommending that the husband be denied overnight visitation rights. This recommendation was based upon the children's desire not to spend the night with their father and the "very strong indication that [husband] is chemically dependent and should successfully complete inpatient treatment for his dependency." The court also took note of the clinical report stating that husband did not successfully complete the chemical dependency program in which he was enrolled.

Based upon the above circumstances, the court deemed it in the best interests of the children that husband not have overnight visitation rights. The court then stated that it would reconsider overnight visitation when husband could demonstrate that he has obtained employment and can meet his expenses from his own efforts rather than creating a suspicion that he is meeting them through illegal means.

The district courts are in the superior positions to determine the best interests of a child in a custody dispute, In Re Marriage of Rolfe (Mont. 1985), 699 P.2d 79, 82, 42

4

St.Rep. 623, 626, likewise, the same is true regarding a parent's visitation rights. Consequently, the district courts' decisions are presumed correct and will be upheld unless a clear abuse of discretion is shown. Rolfe, 699 P.2d at 82, 42 St.Rep. at 626. Husband has failed to show by clear error that the record does not support the District Court's order.

We affirm.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

5