No. 89-227

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

IN RE THE MARRIAGE OF
ARNOLD DEICHL,

          Petitioner and Appellant,
   and

MARY ANN DEICHL,

          Respondent and Respondent.

'89 OCT 19 AM 11 24

FILED

ED SMITH, CLERK
MONTANA SUPREME COURT

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Robert Holmstrom, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Chris J. Nelson, Billings, Montana

    For Respondent:

        Larry Cole, Billings, Montana

Submitted on Briefs: Sept. 7, 1989

Decided: October 19, 1989

Filed:

_____
                Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Appellant Arnold Deichl appeals several decisions made by the District Court of the Thirteenth Judicial District, Yellowstone County, in granting Deichl's petition for dissolution. We affirm.

Deichl asks whether the District Court erred,

1. In refusing to sanction the wife for failure to appear for a deposition,

2. In failing to consider the husband's ability to pay the wife lifetime maintenance of $450 per month, and

3. In ordering the husband to pay taxes resulting from the court-ordered, premature liquidation of Individual Retirement Accounts.

The District Court in this case found that during the marriage the husband worked as an executive for several farm equipment companies and at the time of the dissolution, had a take-home pay of $1,566.26 per month. The court found that the wife worked as a homemaker raising the couple's three children. She performed some volunteer work and was occasionally employed in clerical positions. At the time of the dissolution, the wife was forty-seven years old and held a sales and clerical position with a car rental agency providing take-home pay of $530.84 per month. She was receiving medical treatment for arthritis and depression, and had difficulty dealing with stressful situations. Because of the wife's inability to adequately support herself and the modest value of family property available for distribution, the District Court ordered the husband to pay the wife lifetime maintenance of $450 per month.

Before trial, the husband twice attempted to depose the wife. The court quashed the first attempt and entered a protective order to guard the wife's health and well-being. On the second attempt,

2

the court refused to provide a protective order, but the wife failed to appear for the deposition. The court denied the husband's subsequent motion for sanctions.

In granting the dissolution, the District Court divided the couple's modest property which included two IRA accounts. The court ordered the liquidation of the accounts to pay outstanding medical bills and equally apportioned the remainder to the parties. The husband was ordered to pay the tax penalties caused by the premature liquidation.

The husband now challenges the District Court's decisions.

The laws controlling review of the issues in this case are well settled. First, control of discovery is within the trial court's discretion, and we will reverse its decisions only when they materially affect the substantial rights of the appellant and allow the possibility of a miscarriage of justice. Massaro v. Dunham (1979), 184 Mont. 400, 404-05, 603 P.2d 249, 251-52. Second, a District Court's award of maintenance will not be disturbed if it is supported by substantial credible evidence and exhibits no clear abuse of discretion. In re Marriage of Cole (Mont. 1988), 763 P.2d 39, 41, 45 St.Rep. 1965, 1967. Finally, in the distribution of marital property and obligations, we will reverse the District Court only when it has committed a clear abuse of discretion. In re Marriage of Stewart (Mont. 1988), 757 P.2d 765, 767, 45 St.Rep. 850, 852.

In essence, the appellant now asks this Court to reweigh many of the District Court's factual determinations. This we decline to do. The District Court heard the conflicting evidence, made its determinations, and entered suitable findings of fact and conclusions of law. Those findings and conclusions are supported by substantial credible evidence in the trial record, and we find no abuse of discretion.

3

Affirmed; appellant to pay the respondent's costs.

_____
Chief Justice

We concur:

_____

_____

_____

_____

_____
Justices

4