No.  91-477

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

IN RE THE MARRIAGE OF
BONITA TAHIJA,

    Petitioner and Respondent,

  and

DANIEL TAHIJA,

    Respondent and Appellant.

FILED

JUN 3 0 1992

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Second Judicial District,
In and for the County of Silver Bow,
The Honorable James E. Purcell, Judge presiding.


COUNSEL OF RECORD:

    For Appellant:

    Deirdre Caughlan, Dunlap & Caughlan, Butte, Montana

    For Respondent:

    Mark A. Vucurovich, Henningsen, Vucurovich & Richardson, Butte, Montana


Submitted on Briefs:  March 5, 1992

Decided:  June 30, 1992

Filed:

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

On January 15, 1991, Bonita Tahija petitioned the Second Judicial District Court in Silver Bow County to dissolve her marriage to respondent Daniel Tahija. On August 15, 1991, the District Court dissolved her marriage, distributed the marital estate, and assigned all marital debts to Daniel, including all attorney fees. The District Court provided for the custody and support of the children, and awarded Bonita maintenance of $350 per month, plus payment of tuition and expenses for the next five years or until she completed her degree program and obtained full-time employment. On September 5, 1991, pursuant to Dan's Motion for Reconsideration, the District Court entered Amended Findings of Fact, Conclusions of Law and a Final Decree. The Amended Findings increased the temporary maintenance to a specific award of $600, deleted the provision for payment of "fees and educational expenses," and deleted reference to maintenance for up to five years. From that judgment, Dan appeals. We affirm in part and reverse in part.

The issues are:

1.   Did the District Court err when it adopted Bonita's plan of joint custody?

2.   Did the District Court err when it awarded Bonita $600 per month for maintenance?

3.   Did the District Court err when it divided the marital property and debt?

2

4. Did the District Court err when it granted Bonita's request for attorney fees?

Daniel and Bonita Tahija were married on July 19, 1980. Their marriage was dissolved on August 15, 1991. Both are 37 years old. They have two children, whose ages at the time of the dissolution were six and eight. Bonita has a high school education, but was unemployed outside the home during most of the marriage. She is currently unemployed and living in subsidized housing with the two children. Dan earns $41,460 a year as an accountant at Montana Power. Dan and Bonita received $4000 each from the sale of their home.

In its amended findings of fact and conclusions of law, the District Court adopted a joint custody plan, awarded $607 per month to Bonita for child support, and required Dan to maintain health insurance coverage for the children. It assigned the marital debt of $7308 to Dan, divided the marital property equally, and awarded temporary maintenance in the amount of $600 per month to Bonita.

I.

Did the District Court err when it adopted Bonita's plan of joint custody?

"On appeal, this Court will not disturb a visitation schedule ordered by the District Court when it is supported by substantial credible evidence." *In re Marriage of B.H.J.* (1988), 233 Mont. 461, 463, 760 P.2d 753, 754. Dan contends that no evidence supports the District Court's Finding of Fact No. 15 which states:

3

The following plan for the promotion of the joint custody agreement and visitation schedule, has been adopted, and underline accepted by the parties, as being in the best interests of the minor children. [Emphasis added.]

The trial transcript confirms that both parties believed at the hearing that a joint custody plan could be agreed upon. However, the parties proposed findings of fact, and the record, indicate that a plan was not agreed upon. The District Court adopted Bonita's proposed plan which varies from Dan's proposed plan by providing less visitation than Dan requested. While the District Court erred in finding that the visitation plan was adopted and accepted by both parties, its adoption of Bonita's proposed plan was within its discretion.

Dan cites no authority for his contention that the court must state reasons for adopting one proposed plan over another. Rule 52(a), M.R.Civ.P., provides that:

> The court may require any party to submit proposed findings of fact and conclusions of law for the court's consideration and the court may adopt any such proposed findings or conclusions so long as they are supported by the evidence and law of the case.

Dan contends that the findings were entered without regard to "many of the basic issues raised by him, without reading his proposed Findings or in direct contravention of the evidence." The standard of review for the adoption of a party's proposed findings is the same as findings prepared by the court. *In re Marriage of Jacobson* (1987), 228 Mont. 458, 743 P.2d 1025. "Error occurs only when the proposed findings are relied upon to the exclusion of proper

consideration of the facts and the failure to exercise independent judgment." *Jacobson*, 743 P.2d at 1029.

Dan did not object to the custody plan in his motion for reconsideration. In fact, Dan stated in his brief supporting the motion for reconsideration that he had no objection to the arrangement for custody which had been in effect since the parties separated on an informal basis. Failure to object may have led the District Court to believe that Dan found the court's previous plan acceptable.

At the hearing, Dan recognized that Bonita's plan varied from his proposed plan, but acknowledged that he has had no trouble with access to the children, and that a mutual agreement on visitation could occur without the court imposing its schedule. In addition, at the hearing the parties acknowledged that the visitation plan was a formula plan and was not set in stone. The court also noted that if the parties could not work out a plan it would set a plan. The plan itself recognizes that the schedule is flexible.

We conclude that the lower court did address the issues raised by Dan in his motion for reconsideration. The District Court's findings are supported by substantial evidence, and are not clearly erroneous.

Dan also contends that adoption of the plan has reduced his access to his children by several weeks per year and is contrary to the best interests of the children. While it is true that the adopted plan did not grant the additional weeks of visitation that

5

Dan requested, the plan is still reasonable and within the District Court's discretion.

This Court has held that a visitation schedule providing visitation on alternate weekends, alternate holidays, one evening per week, and two weeks in the summer is reasonable. *In re Marriage of Alt* (1985), 218 Mont. 327, 708 P.2d 258. Here, the District Court's visitation schedule is more generous than the one approved in that case, and Dan has failed to show that the adopted visitation schedule is unreasonable. The joint custody plan is affirmed.

## II.

Did the District Court err when it awarded Bonita $600 per month for maintenance?

Maintenance is within the broad discretion of the District Court and may not be set aside unless the court's clear err constitutes an abuse of discretion. *See In re Marriage of Schenk* (1984), 213 Mont. 310, 692 P.2d 6.

Under § 40-4-203(1), MCA, a court may award maintenance only if it finds that the spouse seeking maintenance "(a) lacks sufficient property to provide for his reasonable needs; and (b) is unable to support himself through appropriate employment . . . ."

Section 40-4-203(2), MCA, provides that determining an award's amount and length entails considering all relevant facts, including:

> (a) the financial resources of the party seeking maintenance, including marital property apportioned to

6

him, and his ability to meet his needs independently, including the extent to which a provision for support of a child living with the party includes a sum for that party as custodian;

(b) the time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;

(c) the standard of living established during the marriage;

(d) the duration of the marriage;

(e) the age and the physical and emotional condition of the spouse seeking maintenance; and

(f) the ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance.

The District Court concluded that $600 per month maintenance is "appropriate given that [Bonita] lacks sufficient property to provide for her reasonable needs and is currently unable to support herself through appropriate employment while caring for her minor children." Apart from the proceeds from the sale of the home, all the property Bonita received was non-income producing. *See Marriage of Edwards* (1985), 215 Mont. 512, 699 P.2d 67.

This Court has held that "appropriate employment" must be determined with relation to the standard of living achieved by the parties during the marriage. *In re Marriage of Madson* (1978), 180 Mont. 220, 224-25, 590 P.2d 110, 112. The District Court found that the parties enjoyed a high standard of living. Additionally, the District Court found that Dan "has a substantially higher expectation of acquiring future income from present employment when

7

compared to [Bonita's] present opportunity to acquire future income." Regardless of whether they enjoyed a high or "comfortable" standard of living, as Dan contends, it is apparent that Bonita is in need of temporary maintenance so that she may acquire an education which will enable her to find appropriate employment.

Dan asserts that the District Court ignored § 40-4-203(2)(f), MCA, requiring consideration of the obligor spouse's ability to meet his own needs and pay maintenance. We stated in *In re Cole* (1988), 234 Mont. 352, 358, 763 P.2d 39, 43, that the husband's ability to pay is not a deciding factor in determining the propriety of a maintenance award. While it is an element, it is not always the determining factor.

However, the District Court properly considered Dan's ability to pay. Dan's take home pay, minus monthly expenses, maintenance, and child support leaves him with a small monthly surplus. This does not include a calculation of how maintenance payments will benefit Dan for income tax purposes. Thus, the District Court did not "fail utterly to consider Dan's ability to pay."

A review of the record confirms that the District Court's order of $600 maintenance per month is supported by substantial credible evidence and by proper consideration of the statutory factors.

Additionally, Dan maintains that there is no evidence in the record to support an award for five years when Bonita only

8

requested four years. While we find that evidence in the record supports temporary maintenance for five years as ordered in the District Court's initial findings of fact and conclusions of law on August 15, 1991, it appears that the District Court's amended findings of fact and conclusions of law set no specific time period for temporary maintenance. Therefore, we remand this case to the District Court for the purpose of establishing a specific period for temporary maintenance.

## III.

Did the District Court err when it divided the marital property and debt?

The standard of review for division of marital property is whether the District Court abused its discretion. *In re Marriage of Skinner* (1989), 240 Mont. 299, 304, 783 P.2d 1350, 1353.

Dan was ordered to pay marital debts in the amount of $7308. He contends that proceeds from the sale of the parties' home should have been applied to satisfy that debt.

The District Court's consideration of those statutory factors provided for in § 40-4-202, MCA, is illustrated in the following portion of its memorandum explaining its amended order:

> The award of maintenance and division of assets in this matter are properly considered together, maintenance of $600.00 per month and an award of an equitable division of the property has been made. The Court is fully aware that the assets of the marriage have been divided equally while the debts of the marriage are to be the sole responsibility of the Respondent. The proportion of the division of the marital estate in this instance recognizes the Respondent's greater earning

9

capacity and opportunity to acquire future income and assets. Section 40-4-202, M.C.A., requires the Court to consider the opportunity of the parties for future acquisition of capital assets and income. 'Opportunity' is a broad word that includes the capacity of the parties to earn future income. . . .

It is also the opinion of this Court that Petitioner has made significant and substantial contributions to the property acquired during marriage in her capacity as housewife and mother and that *the temporary award of maintenance is in lieu of a larger portion of the marital estate.* It is also noted that Petitioner's contributions as a homemaker have been a substantial factor in facilitating the maintenance of the home. [Italics added.]

After reviewing the record we hold that the District Court did not abuse its discretion in the division of the property and debts.

### IV.

Did the District Court err when it granted Bonita's request for attorney fees?

Abuse of discretion is the standard of review for an award of attorney fees. *Jacobson*, 743 P.2d at 1029. Section 40-4-110, MCA, allows a court to award reasonable attorney fees "after considering the financial resources of both parties." The District Court properly considered the financial resources and burdens of both parties when it determined that Bonita was entitled to attorney fees. We hold that the District Court did not abuse its discretion when it awarded attorney fees to Bonita.

Finally, Dan contends, and Bonita agrees, that his contributions to the Montana Power Benefit Accounts which were made prior to the parties' marriage should not have been divided as part of the marital estate. We agree.

10

We affirm the judgment of the District Court with the exception of its allocation of the benefit accounts.

This case is remanded to the District Court for determination of the proper division of the benefit accounts, determination of the maximum duration of maintenance, and the entry of judgment consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

June 30, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Deirdre Caughlan
Dunlap & Caughlan
27 W. Broadway
Butte, MT 59701

Mark A. Vucurovich
Henningsen, Vucurovich & Richardson
P.O. Box 399
Butte, MT 59703

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy