No.   92-448

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

IN RE THE MARRIAGE OF:

MARTHA J. BURRIS,

Plaintiff and Respondent,

-v-

BILLY C. BURRIS,

Defendant and Appellant.


APPEAL FROM:   District Court of the Twelfth Judicial District,
In and for the County of Hill,
The Honorable R D. McPhillips, Judge presiding.


COUNSEL OF RECORD:

For Appellant:

K. Dale Schwanke, Jardine, Stephenson, Blewett &
Weaver, Great Falls, Montana

For Respondent:

Daniel A. Boucher, Altman & Boucher, Havre, Montana


Submitted on Briefs:   March 18, 1993

Decided:   May 13, 1993

Filed:

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

This is an appeal from the Twelfth Judicial District Court, Hill County, continuing a 1974 award of $250 per month for permanent maintenance to the ex-wife. We affirm.

We consider the following issues on appeal:

1. Did the District Court err in determining that Mr. Burris was responsible to pay $250 per month maintenance to his ex-wife, from whom he was divorced in 1974?

2. Did the District Court properly award part of Mrs. Burris's legal fees?

Martha and Billy Burris were first married in October of 1955. This marriage was dissolved in 1964. The couple remarried in 1965 and subsequently divorced in 1974. In the 1974 divorce decree, the court ordered Mr. Burris to pay a $250 per month sum "as and for permanent alimony." Throughout both marriages, Mr. Burris held a position as an Immigration Officer of the United States. Mrs. Burris did not work outside the home but took care of the couple's three sons. Today Mr. Burris is retired. Mrs. Burris is now unemployed, although at one time she held a full-time job for five years at Francis Willard Home for Girls in Tulsa, Oklahoma, as a group care worker. Following an extended leave of absence in order to achieve diabetes stabilization, she never returned to work.

Mr. Burris attempted to modify his maintenance obligation in May of 1975. The District Court denied modification and the $250 award was affirmed by this Court in Burris v. Burris (1976), 171 Mont. 227, 557 P.2d 287. Mr. Burris petitioned again in 1983 for

2

modification of his maintenance payment. The District Court denied modification and he did not appeal.

Mr. Burris retired in December of 1989. His last full check was in January of 1990. He did not receive any of his retirement pay until July of 1990. Because of this, he was unable to pay the $250 maintenance to Mrs. Burris until that time. He subsequently sent her a check for all delinquent months due to this delay.

Meanwhile, in May of 1990, Mrs. Burris filed a motion asking for certain relief because Mr. Burris had not paid his maintenance payments for February, March, April and May. Thereafter, Mr. Burris petitioned the court for elimination of the maintenance requirement. Subsequently, Mrs. Burris filed a petition for modification of maintenance, seeking $500 per month.

The District Court denied both parties' petitions, maintaining $250 monthly award and awarding Mrs. Burris $1,000 of her attorney's fees and costs. Mr. Burris appeals.


I

Did the District Court err in determining that Mr. Burris was responsible to pay $250 per month maintenance to his ex-wife from whom he was divorced in 1974?

Mr. Burris claims that the District Court erred by determining that the word "permanent" defining maintenance payments to his ex-wife cannot be modified. According to Mr. Burris, his circumstances have substantially changed due to his retirement and it is unconscionable that he continue to pay his ex-wife the maintenance payments. Mr. Burris contends that maintenance awards

3

are only given ex-spouses until such time as the ex-spouse can become self-sufficient. Mr. Burris argues that his ex-wife received college training and had a self-sustaining position but through her own choices, gave up that position.

According to Mrs. Burris, it was her ex-husband's burden to establish that his circumstances were substantially changed and that his continuance to pay the agreed-upon maintenance was unconscionable. The District Court specifically determined that Mr. Burris had not met his burden.

Mr. Burris's contention that the District Court determined as a matter of law that the 1974 award of "permanent" alimony could not be modified is an incorrect assessment of the District Court's findings of fact and conclusions of law. In the District Court's conclusions of law, the court obviously employed the reasoning of § 40-4-208(2)(b)(i), MCA:

> (1) Except as otherwise provided in 40-4-201(6), a decree may be modified by a court as to maintenance or support only as to installments accruing subsequent to actual notice to the parties of the motion for modification.
> . . .
> (2)(b) whenever the decree proposed for modification contains provisions relating to maintenance or support, modifications under subsection (1) may only be made:
> (i) upon a showing of <u>changed circumstances so substantial and continuing as to make the terms unconscionable.</u> (Emphasis added.)

The court's words were:

> Defendant has not shown a <u>substantial change in circumstances</u> which make the terms <u>unconscionable</u> as to Defendant and his petition to reduce maintenance ought to be denied.

It is clear that the court considered the evidence presented to it in light of the modification provision. It did not, as Mr. Burris

4

contends, determine that it could not modify the 1974 decree. The court made a reasoned decision that modification was inappropriate.

A District Court's conclusion of law is reviewed as to whether it is correct. Steer Inc. v. Dept. of Revenue (1990), 245 Mont. 470, 803 P.2d 601. We conclude that the District Court used the appropriate legal standard in reviewing Mr. Burris's evidentiary burden.

The District Court supported its conclusions of law with a lengthy recitation of facts concerning the Burrises' health, financial condition and need. The standard of review concerning these findings of fact is whether the District Court's findings are clearly erroneous. Marriage of Eschenbacher (1992), 253 Mont. 139, 831 P.2d 1353. Such a determination involves consideration of whether the facts are supported by substantial evidence, next whether the court correctly understood the evidence, and finally, whether, the first two considerations having been met, this Court still believes a mistake has been made. Interstate Prod. Credit Assn. v. DeSaye (1991), 250 Mont. 320, 820 P.2d 1285.

The District Court stated that Mr. Burris receives only $1400 retirement per month because he withdrew $17,000 from his retirement. Further, Mr. Burris purchased a new truck while delinquent in his alimony. Part of the strain on Mr. Burris's monthly budget, according to the court, comes from monthly truck payments of $350.29 and monthly property settlement to his second wife for $468.29. Both of these monthly obligations ended last

5

year. Thus, Mr. Burris is not now required to pay these out of the $1,400 he receives each month.

The court also states that Mr. Burris owns real property in Montana valued at $100,000 as well as property in Oklahoma valued at $35,000. Mr. Burris received $7,800 in 1989 as a CRP payment on the Montana land and received $469 monthly from trailer rentals in that same year. Also, Mr. Burris has $4,500 in a credit union, approximately $15,000 in stocks, an IRA valued at $5,158.78 and an interest in Realty Income Corp. worth $3,352.00. This brings Mr. Burris's worth to in excess of $120,000, not including his retirement drafts.

Mrs. Burris, on the other hand, currently has no employment, poor health, $13,000 in savings, $17,000 owed by the Burrises' three sons, and a 1975 Chevrolet. The court determined that while Mr. Burris's income has diminished it has not disappeared, so as to make the $250 per month unconscionable. However, the court also acknowledged that Mrs. Burris did not do what was necessary to preserve the $11,000 per year job she had prior to being diagnosed as a diabetic.

First, we conclude that there is substantial credible evidence in the record to clearly substantiate the court's assessment of the Burrises' life situation. The trial transcript bears out the court's breakdown of financial worth except for $5,000 in an IRA account which Mr. Burris claims he has now depleted paying his bills. Therefore, we find substantial evidence to support the court's findings.

Next we consider whether the court misapprehended the evidence it had before it. Mr. Burris claims that he never imagined that the $250 per month payment would be permanent but, if it is, that such an arrangement cannot be used by courts.

Mr. Burris has known from the original 1974 order that the $250 award to his ex-wife was "permanent." In March of 1974, Mr. Burris filed a motion for new trial and an affidavit by his attorney objecting to the "permanent alimony." Awards of maintenance are within the broad discretion of the District Court. In re Marriage of Tahija (1992), 253 Mont. 505, 833 P.2d 1095. We do not disturb a District Court's award of maintenance provided that the award is based upon substantial evidence and exhibits no clear abuse of discretion. In re Marriage of Cole (1988), 234 Mont. 352, 763 P.2d 39. The court does not abuse its discretion in awarding permanent or lifetime maintenance if the facts of the case necessitate such an award. In re Marriage of Gauthier (1982), 201 Mont. 320, 654 P.2d 517. See also In re Marriage of Deichl (1989), 239 Mont. 425, 781 P.2d 254. In both of these cases, we affirmed grants of lifetime maintenance.

Such discretion to award permanent or lifetime maintenance is derived directly from the legislature:

> (2) The maintenance order shall be in such amounts and for such periods of time as the court deems just. . . . (Emphasis added.)

Section 40-4-203(b), MCA. Given the foregoing law, permanent or lifetime maintenance can be awarded by a court. The facts of this particular case show that Mr. Burris understood the permanent

7

nature of the maintenance, and although he has protested it on various occasions, both the District Court and this Court have determined it to be appropriate because of Mr. Burris's superior financial situation.

In terms of the evidence presented by Mr. Burris regarding his change of circumstances, it is true that he receives less money now that he is retired. Mr. Burris claims that pursuant to § 40-4-203(f), MCA, he should not have to pay a maintenance award because he cannot meet his own bills. In opposition to Mr. Burris's condition, Mrs. Burris currently receives nothing. She is in bad health and some concern exists as to her employability because of her health and age. While she attended college she is essentially in the same position as when maintenance was awarded to her.

In considering whether to modify her maintenance, the District Court must consider statutory language. In re Marriage of Cooper (1985), 216 Mont. 34, 699 P.2d 1044. It is clear that the District Court here considered appropriate elements found in § 40-4-208, MCA, because it determined that the changes in Mr. Burris's financial condition although decreasing his income, did not prevent him from meeting the maintenance obligation of the 1974 order. In reaching that determination, the court set out in great detail the financial facts provided by each party and upon which it relied. Those facts clearly show that the award of $250 per month to Mrs. Burris is not unconscionable because Mr. Burris continues to be in a superior financial position despite his retirement. We conclude

8

that the District Court did not misapprehend the evidence with which it was provided.

Finally, after reviewing the entire record we do not feel that the court has made a mistake in continuing the $250 per month maintenance award. We conclude, therefore, that the District Court was not clearly erroneous.

We hold the District Court did not err in determining that Mr. Burris was responsible to pay $250 maintenance to his ex-wife from whom he was divorced in 1974.

II

Did the District Court properly award part of Mrs. Burris's legal fees?

The District Court awarded Mrs. Burris $1,000 of her $2,966.09 legal fees. The court directed attention to § 40-4-110, MCA, and stated that after considering the financial resources of both parties Mr. Burris is able to pay $1,000 toward Mrs. Burris's fees because of his "better financial position."

Mr. Burris argues that he should not have to pay his ex-wife's legal fees because any inability she has in regards to payment is her own fault in losing or not pursuing employment. Mrs. Burris argues that the District Court appropriately assessed the award of attorney's fees.

The appropriate statute declares:

The court . . . after considering the financial resources of both parties, may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under chapter 1 and 4 of this title and for attorney's fees . . .

9

Section 40-4-110, MCA.  We will review an award of attorney fees in a dissolution action as to whether the court abused its discretion. Tahija, 253 Mont. at 511, 833 P.2d at 1099.

The District Court considered carefully the respective financial situations of the parties and determined Mr. Burris could reasonably afford to help pay Mrs. Burris's attorney's fees at a rate of $100 per month.  We conclude no abuse of discretion occurred.

We hold the District Court properly awarded part of Mrs. Burris's attorney's fees.

Affirmed.

_____
Justice

We Concur:

_____
_____
_____
_____
Justices

10

May 13, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

K. Dale Schwanke
Jardine, Stephenson, Blewett & Weaver
P. O. Box 2269
Great Falls, MT  59403

Daniel A. Boucher
Altman & Boucher
P. O. Box 268
Havre, MT  59501

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy