No. 95-014

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

IN RE THE MARRIAGE OF

ROBERTA DIRE SCHMIDT,

Petitioner and Respondent,

and

TIMOTHY ALLEN SCHMIDT,

Respondent and Appellant.

FILED

JUN 06 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Fifth Judicial District,
In and for the County of Jefferson,
The Honorable Frank M. Davis, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Linda M. Deola; Reynolds, Motl, Sherwood
& Wright, Helena, Montana

For Respondent:

Bernard "Ben" Everett; Knight, Dahood, McLean,
Everett & Dayton, Anaconda, Montana

Submitted on Briefs: May 11, 1995

Decided: June 6, 1995

Filed:

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Timothy Allen Schmidt appeals from the findings of fact and modification order dated August 29, 1994, and the supplemental modification order dated December 27, 1994, entered by the Fifth Judicial District Court, Jefferson County. We affirm.

The sole issue on appeal is whether the District Court abused its discretion in establishing a visitation schedule for the Schmidt children.

The marriage of Timothy Allen (Tim) and Roberta Dire (Roberta) Schmidt was dissolved by the District Court via findings, conclusions and decree filed October 14, 1992. Tim and Roberta were awarded joint custody of their minor children Peter William, age 6, and Janna DiRe, age 4. Roberta was designated the children's physical custodian. The court observed that, due to the close proximity of the parents' residences, visitation should not be a problem, and directed Tim and Roberta to implement liberal and reasonable visitation schedules. In the event the parents were unable to agree on such a schedule, the District Court set forth Tim's specific visitation rights.

For a period of approximately sixteen months after the dissolution, the parties implemented a schedule giving Tim somewhat more liberal visitation with the children than that set forth by the court in the decree. In February 1994, Roberta decreased those more liberal visitation terms; by March 1994, Tim was visiting with the children only every other weekend.

Tim filed a Motion to Modify Order for Custody and Visitation

2

on April 1, 1994, which requested a change in the visitation schedule and in the designation of physical custodian based on changed circumstances. Roberta responded to Tim's motion and also moved for modification. The District Court scheduled the motions for hearing on July 27, 1994; the Minute Entry of that date indicates that the cause was heard in chambers with both parties present and represented. The court directed counsel to submit memoranda "confirming their respective views." It appears that the proceeding was more in the nature of a discussion meeting than a hearing and that no court reporter was present. It also appears that no one objected to proceeding in such a fashion.

Having received no memoranda, the District Court entered its findings and order on August 31, 1994, retaining joint custody of the children with physical custody in Roberta. Tim's visitation was modified to alternate weekends, alternate holidays and special occasions, and an equal division of the Christmas/New Year's holiday season each year.

Tim moved for reconsideration of the court's findings and order. He pointed out that no testimony was given, and no evidence was presented, during the July 27 proceeding in chambers; he asserted that the parties had not been dilatory in responding to the court's directive and were planning to--and, indeed, had a right to--submit their written documentation and positions before a decision was made. Tim attached an affidavit which he characterized as establishing that the existing custody arrangement had proved harmful to the children. The court granted Tim's motion

to reconsider and directed counsel to pursue any necessary discovery and advise when the matter was ready for hearing.

The District Court held an evidentiary hearing on Tim's motion to reconsider on December 14, 1994. The parties testified and introduced exhibits. On December 28, 1994, the court entered its supplemental order of modification. Insofar as is relevant here, that order modified the visitation schedule ordered in August by adding visitation on alternate Wednesdays and confirming the extended summer visitation set forth in the dissolution decree. Tim appeals from both post-decree orders relating to visitation.

> Did the District Court abuse its discretion in establishing the visitation schedule ultimately ordered on December 28, 1994?

As set forth above, the original decree awarded Tim and Roberta joint custody of the children with liberal and reasonable visitation in Tim. In the event the parties were unable to agree on such visitation, the court directed that Tim have visitation as follows:

1. Two weekends each month from 5:00 p.m. Friday until 7:00 a.m. Monday;

2. equal division of the Christmas/New Year's holiday;

3. other holidays alternating; and

4. at least 30 days' summer visitation.

No appeal was taken from the visitation, or any other, portion of the decree.

The District Court did modify visitation from that provided in the original decree in response to Tim's and Roberta's motions. In

4

doing so, the court did not adopt either parent's modification proposal in its entirety. The visitation schedule ultimately ordered on December 28, 1994, is as follows:

1. Alternating weekends from 5:00 p.m. Friday until 7:00 p.m. Sunday;

2. equal division of the Christmas/New Year's holiday season, with a parent having the children for both Christmas Eve and Christmas Day in alternating years;

3. other holiday and special occasion visitations alternating;

4. at least 30 days' summer visitation; and

5. after school visitation on alternate Wednesdays until 8:30 p.m.

We will overturn a district court's visitation decision only when the court's findings and conclusions clearly demonstrate an abuse of discretion. In re Marriage of Hunt (1994), 264 Mont. 159, 164, 870 P.2d 720, 723. The record before us reflects no such abuse of discretion.

The District Court's December 28, 1994, visitation schedule is more expansive than that originally set forth in the decree. While the weekend visits now end on Sunday evenings instead of Monday mornings, Tim is entitled to two additional weekend visits each year by virtue of the "alternating weekends" versus "two weekends each month" provision. In addition, the December holiday visitation is now expanded to result in an equal division of the Christmas/New Year's holiday "season," rather than a mere division

5

of the two holidays. Moreover, alternating "special occasion visitations," presumably such events as the children's and parents' birthdays, have been added where only alternating holiday visitations existed in the decree. Alternate Wednesday visitations from after school until 8:30 p.m. also are added.

We previously have held that a visitation schedule providing visitation on alternating weekends, alternate holidays, one evening per week and two weeks in the summer is reasonable. In re Marriage of Tahija (1992), 253 Mont. 505, 509, 833 P.2d 1095, 1097; citing In re Marriage of Alt (1985), 218 Mont. 327, 708 P.2d 258. Here, the District Court's visitation schedule is more generous than that approved as reasonable in Marriage of Tahija and Marriage of Alt and Tim has failed to establish that the schedule is unreasonable. Nor does he cite any authority under which the visitation granted is unreasonable. Tim argues that the District Court erred in establishing the final visitation in several ways; both of his arguments, however, begin from a faulty premise. First, Tim argues that under a joint custody arrangement, § 40-4-224(2), MCA, requires that the allotment of time between the parents be as equal as possible. While this argument may or may not have been appropriate in an appeal from the original decree, it is not available now. No appeal having been taken from the joint custody, physical custody and visitation provisions in the decree, we will not consider this argument in relation to subsequent visitation provisions more advantageous to Tim than those originally set forth by the court in the decree.

6

Tim's second argument is that the District Court's modified visitation schedule did not take into account the best interests of the children in spending more time with their father. This argument apparently is premised on an alleged right by Tim to the visitation he and Roberta originally implemented, rather than that ordered by the court. Under the facts of this case, we cannot agree; the court-ordered schedule was established to meet the precise eventuality upon which it was premised--the parents' inability to agree on a reasonable visitation schedule.

We hold that the District Court did not abuse its discretion and, further, that the visitation schedule established for the Schmidt children is not unreasonable.

Affirmed.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

Justice

We concur:

Justices

8