No.  96-297

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

IN RE THE MARRIAGE OF

DOUGLAS O'DELL,

     Petitioner and Respondent,

  v.

ARLENE GAUSTAD,

     Respondent and Appellant.

FILED

JAN 28 1997

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the First Judicial District,
In and for the County of Lewis and Clark,
The Honorable Jeffrey Sherlock, Judge Presiding.


COUNSEL OF RECORD:

    For Appellant:

      Mark P. Yeshe, Helena, Montana


    For Respondent:

      Gregory A. Jackson, Jackson and Rice,
Helena, Montana


Submitted on Briefs: January 2, 1997

Decided:    January 28, 1997

Filed:

_____
Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter and West Publishing Companies.

Arlene Gaustad appeals from the order of the First Judicial District Court, Lewis and Clark County, which reinstated its original order awarding $100 a month in maintenance. We affirm.

The only issue raised on appeal is whether the District Court erred when it declined to increase Arlene Gaustad's maintenance.

BACKGROUND

Doug O'Dell (Doug) and Arlene Gaustad (Arlene) were married in 1971. One child, John O'Dell, currently nineteen years old, was born of the marriage. Doug and Arlene's marriage was dissolved on November 17, 1993. The District Court approved the Dissolution Settlement Agreement (Agreement) and incorporated its provisions into the dissolution decree. The Agreement provided that Doug would pay Arlene $220 per month in child support until John reached age eighteen, and that Doug would pay Arlene $100 per month in maintenance. The parties agreed that maintenance would be reviewable "in two years from the date of this agreement at the request of either party."

On June 21, 1995, Arlene petitioned for modification of maintenance. In her supporting affidavit, she stated that John was emancipated and she no longer received child support. She

2

requested an increase in maintenance to $320 per month, or more, arguing that $100 per month was unconscionably low under § 40-4-208, MCA.

At the modification hearing, Arlene testified that her monthly expenses totaled $409. She submitted a needs list requesting an additional $439 a month, for a total of $848. Following the hearing, the District Court issued an order on maintenance. It found Arlene's income to be $651 per month and Doug's income to be approximately $1083 per month. The court determined Doug's monthly expenses totaled $955.86.

The District Court ordered Arlene's maintenance to remain at $100. It concluded that pursuant to § 40-4-208(2)(b), MCA, there was no showing of a change in Arlene's circumstances so substantial and continuing as to make the current $100 a month payment unconscionable. The court found that the only change in circumstances was that John's child support had terminated, an event anticipated by the parties. The court further found that the economic effect on Doug when he paid both child support and maintenance was disastrous.

On December 14, 1995, Arlene filed a motion for reconsideration. The District Court mistakenly believed that Doug's attorney did not object. Therefore, on February 11, 1996, the court issued an order amending the order on maintenance. The amended order stated that the parties had agreed by the terms of their settlement agreement to a de novo review of maintenance pursuant to § 40-4-203, MCA. Based on the factors of § 40-4-203,

3

MCA, the court ordered Arlene's maintenance increased from $100 to $225 per month.

On March 15, 1996, Doug's attorney moved the court to reconsider the amended order, arguing that it had been issued on the court's mistaken assumption that Doug had consented to the modification. On April 12, 1996, the court vacated its amended order and reinstated its original order which kept maintenance at $100 per month.

Arlene appeals from the order vacating the amended order that increased her maintenance.

### DISCUSSION

We review a district court's award of maintenance to determine if the court's findings are clearly erroneous. In re Marriage of Eschenbacher (1992), 253 Mont. 139, 142, 831 P.2d 1353, 1355. We review conclusions of law to determine whether the district court's interpretation of the law is correct. Burris v. Burris (1993), 258 Mont. 265, 269, 852 P.2d 616, 619.

Section 40-4-208(2)(b)(i), MCA, provides that a court may modify maintenance only "upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable." Arlene claims that the court erred when it applied § 40-4-208(2)(b)(i), MCA, to her request for modification. She suggests that, because the Agreement states, "Maintenance is reviewable in two years from the date of this agreement at the request of either party," her request for modification is covered by § 40-4-

4

208(2)(b)(ii), MCA, which provides that maintenance may be modified "upon written consent of the parties."

Doug responds that, although the parties provided in their Agreement that they could review maintenance in two years, they did not agree on criteria other than that contained at § 40-4-208, MCA. He also argues that Arlene sought a modification prior to the two years agreed upon in the Agreement. Therefore, she sought relief outside the terms of the Agreement, and § 40-4-208(2)(b)(i), MCA, applies.

Property settlement agreements are governed by laws of contract. Section 40-4-201(5), MCA. In re Marriage of McKeon (1992), 252 Mont. 15, 18-19, 826 P.2d 537, 540. Parties to a dissolution can decide on the criteria to be considered in a modification of a maintenance award. Section 40-4-201, MCA. Tidball v. Tidball (1981), 192 Mont. 1, 4, 625 P.2d 1147, 1149. However, absent such an agreement, a court is bound by the statutory requirements for modification of maintenance contained at § 40-4-208, MCA. See §§ 40-4-202 and -208, MCA.

Doug and Arlene agreed in their Dissolution Settlement Agreement that maintenance would be reviewable "in two years from the date of this agreement at the request of either party." The record also indicates that Arlene signed the Agreement on December 14, 1993. On June 21, 1995, less than two years later, she petitioned for modification. Arlene sought relief outside the terms of the Agreement, and implicated the provisions of § 40-4-208(2)(b)(i), MCA, in her petition for modification.

5

Moreover, Arlene also stated in her petition, "Maintenance of $100 per month is unconscionably low, § 40-4-208, MCA." She now argues that the District Court erred when it applied § 40-4-208(2)(b)(i), MCA. A party may not change her theory on appeal from that advanced in the district court. State v. Fisch (1994), 266 Mont. 520, 524, 881 P.2d 626, 629. We conclude that the District Court properly applied § 40-4-208(2)(b)(i), MCA, to Arlene's petition for modification of maintenance.

In its original order, the District Court explained that it did not believe that the parties' conditions had changed so as to render the current $100 maintenance payment unconscionable. Arlene knowingly agreed to the $100 payment at the time of her dissolution. The only change in her conditions is that John's child support terminated. However, this change was anticipated by the parties, who knew that child support would terminate when John reached age eighteen. The court also determined that based on Arlene's income, she is currently making more than she spends. Her requests for increased maintenance are for the purchase of a car and for entertainment and gifts.

The findings contained in the District Court's order refusing to increase Arlene's monthly maintenance from $100 to $225 are supported by substantial credible evidence and are not clearly erroneous.

Affirmed.

Chief Justice

We concur:

_____

_____

_____

_____
                    Justices

7

January 28, 1997

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Mark P. Yeshe
Attorney At Law
Box 483
Helena MT  59624-0483

Gregory A. Jackson
Jackson and Rice
833 North Last Chance Gulch
Helena MT  59601

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: *D. Gallagher*
Deputy