No. 13288

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

MARTHA J. BURRIS,

                Plaintiff and Respondent,

   -vs-

BILLY C. BURRIS,

                Defendant and Appellant.

---

Appeal from:  District Court of the Twelfth Judicial District,
            Honorable LeRoy L. McKinnon, Judge presiding.

Counsel of Record:

    For Appellant:

        Smith and Rice, Havre, Montana
        Ronald W. Smith argued, Havre, Montana

    For Respondent:

        Frank Altman argued, Havre, Montana

    For Amicus Curiae:

        Hon. Robert L. Woodahl, Attorney General, Helena,
        Montana
        Donald Smith appeared, Assistant Attorney General,
        Helena, Montana

---

                   Submitted:  October 27, 1976

                   Decided: **DEC 14 1976**

Filed: DEC 14 1976

*Thomas J. Kearney*
                 Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal from a judgment of the district court, Hill County, sitting without a jury, Hon. LeRoy McKinnon, presiding. The judgment modified a divorce decree entered March 1, 1974, increasing a child support for the youngest and only remaining minor child from $125 per month to $200, and specifying the length of the visitation period the father is entitled to have with the child annually.

Plaintiff Martha Burris was granted a divorce from defendant Billy Burris on March 1, 1974. The divorce granted plaintiff mother $250 per month alimony, plus $125 per month child support for each of the three minor children of the marriage. Child support was to continue until each child reached his majority. Defendant was to have reasonable visitation rights with the children, and plaintiff was granted custody.

At the end of the school year in 1974, plaintiff mother and the three minor children moved to Oklahoma. She currently is employed there as a teacher's aide and is paid $2.10 per hour during the school year. Two of the children have now reached majority and the mother now receives support payments only for the youngest.

In May 1975, defendant father brought an action to modify the original decree requesting the alimony obligation be stricken and the visitation rights be more clearly defined. The mother filed a cross-petition in response requesting modification of the decree increasing the amount of support for each of two children who were minors at that time. The district court's judgment increased the child support for the remaining minor child and granted the

the father six weeks visitation rights each summer. The issue for review on this appeal is whether the evidence is sufficient to support the court's judgment.

This Court's function in review of a determination of the district court is not to substitute its judgment in place of the district court's, but rather it is confined to determining if there is substantial credible evidence to support the district court's determination. Hornung v. Estate of Lagerquist, 155 Mont. 412, 420, 473 P.2d 541. The fact that there may have been conflicts in the testimony does not mean there is not substantial evidence to support the verdict. Davis v. Davis, 159 Mont. 355, 361, 497 P.2d 315. Transamerica Ins. Co. v. Glacier Gen. Assur. Co., 163 Mont. 454, 461, 517 P.2d 888.

In the instant matter evidence was presented by each party and, of necessity, was in part conflicting. However, there was substantial credible evidence of a change of circumstances since the original decree --- increased expenses on the part of the plaintiff mother and increased income of the defendant father.

There was sufficient credible evidence to support the trial court's judgment, and therefore we find no abuse of discretion and the judgment is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

_____
Hon. Jack Shanstrom, District
Judge, sitting for Justice
Wesley Castles.

- 3 -