No. 14895

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

IN RE THE MARRIAGE OF

LINDA K. FIRMAN,

Plaintiff and Respondent,

vs.

DALE M. FIRMAN,

Respondent and Appellant.

Appeal from: District Court of the Eighteenth Judicial District,
Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

For Appellant:

James M. Kommers, Bozeman, Montana

For Respondent:

Linda K. Firman, Pro Se, Bozeman, Montana

Submitted on briefs: February 8, 1980

Decided:   MAY 8 - 1980

Filed:   MAY 8 1980

Thomas J. Kearney
                                    Clerk

Mr. Justice John C. Sheehy delivered the opinion of the Court.

Dale M. Firman appeals from a judgment of the District Court, Eighteenth Judicial District, Gallatin County, modifying a marriage dissolution decree. Dale seeks review of his child visitation rights, his child support obligations and the use by his children of a different surname than Firman.

Dale and Linda K. Firman were formerly husband and wife. Their marriage was dissolved in February 1976. Under the dissolution decree, Linda was granted custody of the parties three minor children, Kelley, Marty and Kimberly, now eight, nine and ten years old, respectively. Dale was to pay $150 per month child support and to keep in effect a health insurance policy for the children. The insurance policy carries a $51 per month premium. In addition, Dale was to receive reasonable visitation rights. In this regard, Dale generally enjoyed a one weekend per month arrangement at the time this cause was filed.

Problems arose regarding Dale's visitation rights. On December 27, 1978, Dale petitioned the District Court for a modification of the dissolution decree. Specifically, the petition requested a fixed schedule of visitation consisting of three summer months, alternate weekends, Thanksgiving and Christmas days during alternate years. The petition also requested the children be required to use their legal surname of Firman. Subsequent to the marriage dissolution, Linda was remarried to Edward Hauser. The children were enrolled in school under the name of Hauser, but Edward had never legally adopted the children. All the children's other records have remained in the name of Firman. The children wanted to use the Hauser name at school to avoid inquisitive peers.

-2-

On January 22, 1979, Linda filed an answer and counter-claim to Dale's petition. Trial without a jury was held on March 14, 1979, and the District Court entered its judgment on April 5, 1979. The judgment, in effect, granted Linda's counterclaim. Under the judgment, Dale has a visitation right of one month during the summer, provided he gives one week's notice to Edward. Also, Dale must pay one-half of all the children's uninsured medical expenses and $25 per month per child to be held in trust for each child until that child reaches eighteen years of age. This is in addition to Dale's prior support obligations under the original dissolution decree. Finally, the children may use any surname they prefer.

The issue presented is whether the District Court abused its discretion in restricting Dale's prior visitation rights, increasing his child support obligations and allowing the children to use any surname they prefer. We hold the District Court abused its discretion with regard to all three of the modified provisions.

Dale first contends the District Court arbitrarily restricted his visitation rights to one summer month. We agree.

Clearly, a District Court has the discretion to modify the noncustodial parent's visitation rights whenever such modification would be in the best interests of the child. However, by the express terms of the controlling statute, the District Court cannot restrict such rights unless it first finds that the existing visitation arrangement seriously endangers the child's physical, mental, moral or emotional health. Section 40-4-217(3), MCA. No such finding was made here.

In its findings of fact, the District Court found the existing visitation arrangement to be reasonable. Yet, the District Court restricted Dale's visitation rights to one summer month. The District Court made no specific finding or conclusion

-3-

that the existing arrangement seriously endangered the children's health. Moreover, the District Court's findings which might provide a basis for such a determination are not supported by substantial credible evidence in the record. In finding of fact no. 6, the District Court found that overnight weekend visits interfere with the children's school preparations. Yet, Linda herself testified the children were not permitted to take schoolwork along during the weekend. Similarly, in finding of fact no. 10, the District Court found Dale left the children without supervision on at least one occasion. The only evidence in the record is that Dale left the children unsupervised for one-half to one and one-half hours. Given the children's ages and the fact this was a one-time occurrence, this hardly seems a serious endangerment to the children's health.

At the trial of this cause, the children told the District Court they enjoy seeing their father. Linda herself testified Dale's prior visitation rights did no harm to the children other than he occasionally took them along hunting. Linda's prime concern with the prior visitation arrangement was it deprived Edward of free time with the children since Edward works six days a week. This concern is an insufficient basis for modifying Dale's visitation rights. The well-rounded development of a normal child demands association with both natural parents, and the noncustodial parent is entitled to a fair opportunity to share in the child's love and affection when this can be done without detriment to the child. McGetrick v. McGetrick (Ore. 1955), 284 P.2d 352, 354.

Dale next contends the District Court abused its discretion in requiring Dale to pay one-half of the children's uninsured medical expenses and $75 per month into a trust fund for the children. We agree here too.

-4-

As with Dale's visitation rights, our function upon reviewing this issue is to determine whether there is substantial credible evidence to support the District Court's determination. Burris v. Burris (1976), 171 Mont. 227, 557 P.2d 287. There is none here.

Since Dale never consented in writing to a modification of his child support obligation, the District Court could modify that obligation only upon a showing of changed circumstances so substantial and continuing as to make the original child support provision unconscionable. Section 40-4-208(2)(b), MCA. No such showing was made at trial. Moreover, there is a complete absence in the record of any evidence concerning the need for increased child support or Dale's increased ability to pay such support.

Dale's final contention is the District Court abused its discretion in allowing the children to use the surname they prefer. According to Dale, the only possible effect of this determination is to further estrange him from his children. We also agree here.

At common law, a person could adopt any surname he might choose so long as the change was not made for fraudulent purposes. Thus, absent a statute to the contrary, the widespread custom in this country of giving a child the surname of his father is a matter of choice rather than law. Secretary of Com. v. City Clerk of Lowell (Mass. 1977), 366 N.E.2d 717, 725. Title 27, chapter 31, parts 1 and 2, MCA, provides a procedure for changing one's name. These statutes are in affirmance and aid of common law and do not abrogate it. Kay v. Kay (Ohio 1953), 112 N.E.2d 562. Since there is no other statute in point, this Court must fall back on general principles, the most important of which in any proceeding concerning the relationship of a father and his child is the best interest of the child.

Under the particular circumstances presented, it is in the best interests of the children to use the surname of Firman for all purposes. Dale and his children live in the same community and have manifested an abiding interest in each other. Dale has consistently fulfilled his child support obligations. Thus, until the children reach an age where they can fully understand the circumstances surrounding their parents' marriage dissolution, the District Court should not permit an unnatural barrier to come between Dale and the children. Such a barrier can only further estrange Dale and the children.

Having determined the District Court abused its discretion concerning Dale's visitation rights, his child support obligations and the children's use of the surname they prefer, we reverse the District Court's judgment and remand the cause for further proceedings in accordance with this opinion.

_____
                    Justice

We Concur:

_____
        Chief Justice

_____

_____

_____
                Justices

-6-