No. 83-216

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

IN RE THE MARRIAGE OF

CYNTHIA LOUISE OVERTON,

      Petitioner and Appellant,

  -vs-

RICHARD ORVILLE OVERTON,

      Respondent and Respondent.

APPEAL FROM:  District Court of the Eighth Judicial District,
               In and for the County of Cascade,
               The Honorable John M. McCarvel, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        LaRue Smith, Great Falls, Montana

    For Respondent:

        Barry T. Olson, Great Falls, Montana

Submitted on Brief:  September 15, 1983

Decided:  December 22, 1983

Filed:  DEC 22 1983

_Ethel M. Harrison_
_____
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal by the wife, from an order of the District Court of the Eighth Judicial District, Cascade County, providing for the daughter's surname be changed to the husband's surname, his name be placed on a birth certificate and specifically settling visitation rights for husband.

Cynthia Louise (Miller)(Overton) and Richard Orville Overton were married on June 13, 1979. The court entered a decree of dissolution of their marriage, March 6, 1980. Wife was pregnant at the time of the dissolution, as a result of that marriage. She gave birth to a baby girl July 2, 1980, in Great Falls, Montana. At the time of the birth, she named the child Chantelle Winifred Miller. She had two other illegitimate children with surnames Miller and desired all of her children to have the same surname so as to prevent confusion and embarrassment.

In July of 1982, respondent tried to obtain a birth certificate of his daughter, Chantelle, so as to enroll her in the Indian tribal rolls. The Cascade County Clerk and Recorder's Office informed him that the birth certificate did not name a father and further stated the child's name to be Chantelle Winifred Miller. Respondent then brought this action to have his daughter's surname changed to be the same as his, and to clarify his visitation rights. Following the submission of briefs and a hearing, the court ordered the child's surname changed to Overton; that respondent's name be placed as the father on the birth certificate; and that he be granted visitation rights with his daughter one

-2-

weekend a month, on alternate holidays and six weeks during the summer.

Appellant raises four issues on appeal: (1) Did the court err in its findings of fact regarding the visitation rights of the husband; (2) did the court err in not conducting a welfare investigation before granting husband visitation rights; (3) did the order to change the surname of the daughter violate Section 40-5-103, MCA, and Article II, Section 4 of the Montana Constitution; and (4) was there sufficient evidence to prove it was in the best interest and welfare of the child to have her surname changed?

This Court will not overturn findings of fact unless they are clearly erroneous. Rule 52(a), M.R.Civ.P.

> "We will not substitute our judgment for that of the trier of fact, but rather will only consider whether substantial credible evidence supports the findings and conclusions. These findings will not be overturned by this Court unless there is a clear preponderance of the evidence against them. We will view the evidence in a light most favorable to the prevailing party, recognizing that substantial evidence may be weak or conflicting with other evidence, yet still support the findings. Nicolai v. Nicolai (Mont. 1981), 631 P.2d 300, 303, 38 St.Rep. 1100, 1103. Cameron v. Cameron (1978), 179 Mont. 219, 587 P.2d 939."

Appellant contests the court's findings on the issue of visitation rights. A review of the evidence shows sufficient evidence to support the findings. We do not find the District Court clearly erroneous in its findings on the issue of visitation.

Appellant contends the trial court erred when it first stated it would request a welfare investigation on respondent before granting visitation rights and then

proceed to make the order for visitation without said investigation. The District Court may require investigation, interviews and gather this information as it deems necessary. Such review is within the District Court's discretion for the determination of visitation rights. Section 40-4-217, MCA presumes the noncustodial parent is entitled to reasonable visitation rights so long as it is in the best interest of the child. "To assure that this standard is complied with, it is essential that the trial court examine all pertinent and relevant factors presented at trial." Jones v. Jones (Mont. 1980), 620 P.2d 850, 37 St.Rep. 1973. The court considered the evidence at trial and made sufficient findings and conclusions to support its order. Therefore the trial court did not err by not conducting a further investigation.

Appellant next contends the court violated Section 40-6-103, MCA, and Article II, Section 4 of the Montana Constitution, by changing the child's surname. We disagree. In Firman v. Firman (Mont. 1981), 610 P.2d 178, 37 St.Rep. 888, this Court correctly found that other than the statutes for name changes, Section 27-31-101 et seq., "there is no other statute in point.. . . " Firman, supra, involved a dispute between a husband and wife over the surname to be used by the children. The wife desired the children to use the name of her new husband. This Court in its ruling determined the children should use the natural father's surname, based upon the "best interest of the child." Firman, supra (Mont. 1981), 610 P.2d 178, 181, 37 St.Rep. 888, 891.

The District Court's findings and conclusions state

nothing to the effect that husband has any preference or natural right to have his daughter bear his surname. The child's best interest does not involve the equality of sexes in this case. The findings and conclusions stress the best interest of the child. Therefore we find appellant's argument without merit.

Finally we turn to the issue of: does the evidence support the findings and conclusions of the District Court regarding the change of name and whether it was in the best interest of the child? Appellant raises many objections to the findings and conclusions regarding the change of name. In reviewing the transcript, we find nothing in the findings and conclusions clearly erroneous and there is sufficient evidence to support these findings. It should be noted, that the trial court may have made a clerical error in finding the child was of twenty-five percent Indian blood. But this can be corrected by a Rule 60(a) motion for correction of clerical mistakes.

Having found the District Court was not clearly erroneous in its findings and conclusions, we hereby affirm.


_____
Justice

We concur:

_____
Chief Justice

_____

-5-

Justices

-6-