No.  90-130

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

FILED

NOV 15 1990

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

IN RE THE MATTER OF JOSEPH HANDFORD, nka JOSEPH ANDERSON, a Minor.

ERNEST MICHAEL HANDFORD, Natural Father and Appellant,
-vs-
ROBERTA M. ANDERSON, Natural Mother and Respondent,
     and
DEPARTMENT OF REVENUE, Interested Party.

_____

APPEAL FROM:   District Court of the Eighth Judicial District,
               In and for the County of Cascade,
               The Honorable Joel G. Roth, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

        Brett C. Asselstine, Great Falls, Montana

        For Respondent:

        Debra J. Upton, Montana Legal Services and John
        Koch, Child Support Enforcement Division, Great
        Falls, Montana

                                    _____

                              Submitted:  October 26, 1990

                                Decided:  November 15, 1990

Filed:


_____
                  Clerk

Justice John C. Sheehy delivered the Opinion of the Court.

The natural mother, Roberta M. Anderson, filed a motion to allow her minor child, Joseph Anderson, to retain Anderson as his surname. A hearing on the matter was held and on January 4, 1990, the District Court for the Eighth Judicial District, Cascade County, granted Anderson's motion. The natural father, Ernest Michael Handford appeals the District Court's order. We affirm.

Anderson and Handford have entered into a stipulation concerning paternity, visitation, and child support. The sole issue in dispute is the last name of the minor child, Joseph Anderson.

In 1987, the parties were planning on marrying, but unfortunately the wedding was cancelled. Soon thereafter, Anderson informed Handford that she was pregnant. Handford suggested an abortion. Anderson disregarded Handford's advice, and the child was born on May 20, 1988. Anderson gave Joseph her surname.

The record reveals Handford failed to pay any of Anderson's and Joseph's medical expenses. Handford provided no child support and Anderson was forced to apply for AFDC. Handford had no contact with the child until he was reached by the Department of Revenue, Child Enforcement Bureau, in 1989 for collection of child support.

In the past, this Court has held that "in contested cases when one parent seeks to change his or her child's name, the court shall determine whether the best interest of the child will be served." In re Marriage of Firman (1980), 187 Mont. 465, 470, 610 P.2d 178, 181; In re the Marriage of Overton (1983), 207 Mont. 292, 295, 674

P.2d 1089, 1091; Matter of Iverson (Mont. 1990), 786 P.2d 1, 13, 47 St.Rep. 146, 147. The District Court's decision regarding the best interest of the cild will not be overturned on appeal unless there is a clear abuse of discretion. Iverson, 786 P.2d at 2.

Handford claims it is in Joseph's best interest to adopt the surname Handford. Handford argues that the surname of Handford would encourage his son to get to know the paternal side of his heritage. Handford also contends that the District Court created an unnatural barrier between him and his son by allowing the child to retain the surname Anderson. We disagree with Handford, and we affirm the District Court's reasoning set forth in its Order:

> It is in the best interests of the minor child to retain the last name of Anderson. The petitioner-father showed little interest in the child prior to being forced to live up to his paternal obligations by the Department of Revenue. The child will be living with the mother and it will benefit and ease the child's social functioning to maintain the mother's last name. This Court does not believe that an artificial barrier will be created between the child and the father by the child retaining the mother's last name. The obligation to pay child support does not automatically entitle the father to have the child's last name changed to the father's last name.

In the circumstances here, the mother should have the privilege of giving the child her surname.

Affirmed. Let remittitur issue forthwith. See Rules 34 and 35, M.R.App.P.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document

3

with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices