

DA 13-0694

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 115

JUSTIN KEITH TUCKER,

      Plaintiff and Appellant,

  v.

KELISA ANN TUCKER, a/k/a
KELISA ANN ALLEN,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                In and For the County of Yellowstone, Cause No. DV-12-826
                Honorable Mary Jane Knisely, Russell C. Fagg, Presiding Judges

COUNSEL OF RECORD:

      For Appellant:

          Dana C. Christian, Esq., Livingston, Montana

      For Appellee:

          J. Reuss, Esq., Guthals, Hunnes & Ruess, P.C., Billings, Montana

                        Submitted on Briefs:  March 19, 2014
                                 Decided:  April 29, 2014

Filed:

                       _____
                                Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1    The following issues are presented on appeal:

¶2    *Did the District Court abuse its discretion when it determined that the Allen surname was in the best interest of the children?*

¶3    *Did Judge Knisely's consolidation of the complaint deprive Justin of his right to substitute judges under statute and substantive due process?*

## BACKGROUND

¶4    Kelisa Ann Allen (hereafter Kelisa), and Justin Keith Tucker (hereafter Justin) have two children, J.T. and B.T., and were divorced in Maricopa County, Arizona in 2004. Kelisa relocated to Billings, Montana, with the children and sought an order of protection against Justin. Hon. Gregory R. Todd granted that petition but expressly reserved Justin's right of access to his children pursuant to the Arizona divorce decree.

¶5    Kelisa remarried in 2007, taking the surname "Allen." In 2010, Kelisa filed a motion before Hon. Russell Fagg to suspend Justin's contact with the children. Judge Fagg granted that motion, suspending Justin's parenting time pending reevaluation of the custody agreement. In September 2011, Kelisa filed a pro se petition to change the surnames of J.T. and B.T. to "Allen." That petition was granted in October 2011.

¶6    Justin filed a complaint in July of 2012 seeking to set aside the name-changes pursuant to M. R. Civ. P. 60 on the grounds that he was not served notice of the hearing. The new action was first assigned to Judge Fagg, but counsel for Justin filed a motion for substitution and the complaint was assigned to the Hon. Mary Jane Knisely (Judge Knisely).

2

Upon review of the case, Judge Knisely issued an order *sua sponte* consolidating Justin's new complaint with the name-change petition and parenting plan issues. The order held that the interest of judicial economy justified consolidation of these cases in front of Judge Fagg. The order also held:

> It is clear to this Court upon review of the case and the timeline that Petitioner's counsel filed the Complaint to Set Aside Default Alternation of Children's Surname, rather than a motion, in order to open a brand new case and thus circumvent Montana Code Annotated § 3-1-804, which states that "a motion for substitution by the party served must be filed within 30 calendar days after service has been completed in compliance with M. R. Civ. P. 4."

¶7 Judge Fagg considered the merits of Justin's Rule 60 motion and determined that rehearing on the name-changes was necessary because Kelisa failed to properly serve Justin. Both parties and several witnesses presented testimony at the hearing. Judge Fagg concluded that the name-changes were in the best interest of the children because they had not seen Justin for approximately nine years, they resided in a household with their younger siblings who had the Allen surname, their mother had taken the Allen surname, the children themselves had been going by the Allen surname for several years, and finally, the children wanted to take the Allen surname.

¶8 On appeal, Justin argues that the District Court erred by granting the name-change because Justin sought to rekindle the parent-child relationship, often sent gifts to them, and was prevented from visiting them by the order of protection and Kelisa's alleged obstruction of his attempts to contact the children. Justin also contends that the consolidation of cases issued by Judge Knisely had the effect of negating his motion for judge substitution, depriving him of his right to substitute judges under statute and substantive due process.

3

**STANDARDS OF REVIEW**

¶9      Appropriate standards of review will be identified as they arise in this opinion.

**DISCUSSION**

¶10     *Did the District Court abuse its discretion when it determined that the Allen surname was in the best interest of the children?*

¶11     In contested cases when one parent seeks to change his or her child's name, the district court shall determine whether the best interest of the child will be served. *In re Petition for Change of Name of Iverson*, 241 Mont. 140, 141, 786 P.2d 1, 1 (1990). In a name change petition, we review a lower court's evaluation of the best interests of the child for a clear abuse of discretion. *In re Iverson*, 241 Mont. at 141, 786 P.2d at 2 (citing *Allen v. Allen*, 175 Mont. 527, 575 P.2d 74 (1978)); *In re the Custody of J.C.O.*, 1999 MT 325, ¶ 10, 297 Mont. 327, 993 P.2d 667. We review the evidence in a light most favorable to the prevailing party, recognizing that substantial evidence may be weak or conflicting with other evidence, yet still support the findings. *Overton v. Overton*, 207 Mont. 292, 294, 674 P.2d 1089, 1090 (1983).

¶12     We have previously upheld a district court's finding that a name-change is in the best interest of the child when the child had carried the surname for an extended time, when the custodial parent and primary caretaker had the same surname, and when half-siblings living with the child had the same surname. *In re J.C.O.*, ¶ 12. As in *J.C.O*, the court in this case found that the children had gone by the Allen surname for a period of time, that their half-siblings bore the Allen surname, and that their mother, the custodial parent and primary

4

caretaker, had taken the surname. The court further recognized that Justin had not been in contact with the children for nine years, and thus, the children did not identify him as their father. Justin claims that this final consideration was improper because he was prohibited from contact by a restraining order. Whether a surname is in the best interest of the children, however, is not determined by whether a given parent is at fault for his estrangement from the children. The District Court acted within its discretion when it granted the name-change based on the children's familial, psychological, and emotional needs.

¶13 Justin also relies on *Firman v. Firman*, 187 Mont. 465, 470, 610 P.2d 178, 181 (1980), to argue that the desire for a common surname between the children, mother, step-father, and half-siblings "should not permit an unnatural barrier to come between" Justin and his children. But in *J.C.O.*, we cautioned against the assumption that a biological father's surname is the natural way of things and that its absence would create an "unnatural barrier" between father and child. *In re J.C.O.*, ¶¶ 11-12 (citing *In re Iverson*, 241 Mont. at 144, 786 P.2d at 4 (Barz, J., dissenting)). A parent's personal preferences or traditional values are not determinative when deciding whether a certain name is in the best interest of the children. *In re J.C.O.*, ¶ 13. The District Court did not abuse its discretion when it found that the children had fully integrated into a new family, that they did not consider Justin their father, and that their best interest was promoted by sharing a surname with their mother, half-siblings, and step-father.

¶14 Finally, a petition for a change of name must be signed by the person whose name is to be changed and, if the person is under 18 years of age, by one of the person's parents.

5

Section 27-31-101, MCA.  Justin argues that the petition did not comply with the formal requirements of § 27-31-101, MCA, because neither B.T. nor J.T. had signed the petition. Although the statute requires the signatures of the person whose name will be changed, the purpose of this requirement is to ensure that the named person *actually consents* to changing their name.  The signatures of B.T. and J.T. were missing from this petition, however, both children were present in court for the original name-change hearing and Judge Fagg addressed the older child concerning their wishes.  The children expressed their wish to take the Allen surname based on their relationship with their step-father and their younger half-siblings.  This exchange with the Judge in open court was a reliable indicator of consent. Although the formal requirements of § 27-31-101, MCA, require the children to sign the name change petition, that requirement is not so rigid that it precludes an equally reliable expression of consent, like the one in this case.  In addition, M. R. Civ. P. 61 provides that, at every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.  Justin fails to demonstrate how his substantial rights were affected by the court's reliance on the children's consent in open court, rather than their signatures on the petition.  The District Court correctly determined that the children consented to the name-change in compliance with the purpose § 27-31-101, MCA.

¶15  *Did Judge Knisely's consolidation of the complaint deprive Justin of his right to substitute judges under statute and substantive due process?*

¶16  We review a district court's interpretation and application of a procedural rule de novo.  *Yellowstone Co. v. Drew*, 2007 MT 130, ¶ 11, 337 Mont. 346, 160 P.3d 557 (citing

*State v. Mizenko*, 2006 MT 11, ¶ 8, 330 Mont. 299, 127 P.3d 458).  Montana Rule of Civil Procedure 42(a) provides that a district court may consolidate actions involving a common question of law or fact.  Montana Rule of Civil Procedure 60(d) grants a court the discretionary power to entertain an independent action to relieve a party from a judgment, or to grant relief to a defendant who was not personally notified of the action.

¶17   Justin's complaint, originally before Judge Fagg, relied on Rule 60(d) to set aside the final judgment in the name-change proceeding.  Justin moved for substitution under § 3-1-804, MCA, and the complaint was assigned to Judge Knisely.  Judge Knisely found that, because the complaint constituted a Rule 60 motion to set aside a final judgment issued by Judge Fagg, it was not a separate and distinct action from the name-change, custody, and divorce cases in front of Judge Fagg.

¶18   Justin relies on the language of Rule 60(d)(1) to argue that his motion constituted an "independent action" for relief from judgment, and therefore, should not have been consolidated under Rule 42(a).  The term "independent action" in Rule 60(d), however, does not guarantee any right to bring a separate and distinct complaint, but rather, refers to an independent cause of action "in equity to obtain relief from judgment." *Barrett v. Secretary of Health & Human Servs.*, 840 F.2d 1259, 1262-63 (6th Cir. 1987) (citing  Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* vol. 11, § 2868, 237-38 (1973).  Such an action is a narrow avenue for relief, reserved for those unusual circumstances where a case of injustice is deemed sufficiently gross to demand disturbing a final judgment. *See Brodie v. Dept. of Health and Human Servs.*, 951 F. Supp. 2d 108, 114-15 (D.D.C. 2013).

7

"An independent action in equity may not be used to obtain further review of issues already decided in the previous action." *In re Smith*, 989 P.2d 165, 170 (Colo. 1999) (citing *Barrett*, 840 F.2d at 1266). Justin's remedy under Rule 60(d) is to allege sufficiently unusual or inequitable circumstances to justify disturbing a final judgment; the Rule does not grant him the right to relitigate the judgment in a separate and distinct action.

¶19 The District Court correctly concluded that Justin's motion for substitution was untimely. The statutory right to substitution does not allow a party to avoid consolidation of common issues under Rule 42. Justin was properly served in a number of other proceedings before Judge Fagg involving his marriage to Kelisa and his parental rights after the divorce, and the surnames of the children are undisputedly connected to those actions. Justin could have demanded substitution of Judge Fagg in those initial proceedings, but did not. Justin cannot now demand a new judge on a matter that is clearly connected to those initial proceedings by common issues. To do so would effectively allow relitigation of settled issues of law or fact, which is expressly prohibited under the doctrine of *res judicata*. *Kullick v. Skyline Homeowners Ass'n*, 2003 MT 137, ¶ 17, 316 Mont. 146, 69 P.3d 225. Judge Knisely properly consolidated the name-change action with other cases before Judge Fagg because the cases concerned the same issues of law or fact.

## CONCLUSION

¶20 The District Court acted within its discretion in granting the name change and did not err by consolidating the case. We affirm.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ JIM RICE
/S/ BETH BAKER
/S/ LAURIE McKINNON