FILED

05/07/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0475

DA 23-0475

IN THE SUPREME COURT OF THE STATE OF MONTANA

2024 MT 97N

PAMELA JO POLEJEWSKI,

Plaintiff and Appellant,

v.

STATE OF MONTANA and TYLER FRIES,

Defendants and Appellees.

APPEAL FROM:   District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. BDV 23-0225
Honorable Elizabeth A. Best, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Pamela Jo Polejewski, Self-represented, Great Falls, Montana

For Appellee:

Sarah Mazanec, Department of Administration, Risk Management Tort
Defense Division, Helena, Montana

Submitted on Briefs:  April 3, 2024

Decided:  May 7, 2024

Filed:

_____
Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 On May 24, 2023, Appellant Pamela Jo Polejewski (Polejewski), representing herself *pro se*, filed a "Misrepresentation Complaint" against the State of Montana, cause No. BDV-23-0225, Eighth Judicial District Court, Cascade County, Montana. The Complaint, although not a model of clarity, appears to assert a claim of legal malpractice seeking the "REMEDY is to file for Mistrials and request a retrial or have the case dismissed for Cause No. ADV 20-274 where [Tyler Fries] misrepresented his client due to ineffective counsel and in the case of Cause No. CDC 20-310 to have the caseappealedfor ineffective counsel."

¶3 The State sought dismissal for failure to effectuate service. Polejewski then filed a Motion to Amend Misrepresentation Complaint First Request which appears to add attorney Tyler Fries (Fries) as a defendant and seeks some type of postconviction relief "to correct a factually erroneous sentence or judgment." Thereafter, the State and Fries filed a joint motion to dismiss under M. R. Civ. P. 12(b)(1) asserting Polejewski sought relief the District Court did not have jurisdiction to grant. On August 22, 2023, the District Court granted Defendants' Motion to Dismiss. Polejewski appeals. We affirm.

¶4      In its Order on Defendants' Motion to Dismiss, the District Court succinctly provided the history leading to it granting defendants' motion and this appeal:

> On May 6, 2020, Polejewski was charged with multiple felony counts of animal cruelty in violation of §§ 45-8-211 and 217, MCA. Cascade County officials seized approximately 172 animals from Polejewski's property, including dogs, cats, horses, ponies, chickens, rabbits, and pigs. Polejewski pled not guilty to the charges and is awaiting trial.
>
> On May 18, 2020, the Cascade County Attorney (CAO) filed a civil action against Polejewski requesting a "cost of care" hearing under § 27-1-434, MCA. Following a hearing, the district court made the required evidentiary findings as required by § 27-1-434, MCA, determining that the preponderance of the evidence established that Polejewski's animals were subjected to cruelty, and ordered Polejewski to deposit a monthly bond to cover the County's costs for caring for the seized animals. Id. Polejewski failed to deposit the required bond, and the district court ordered the animals be forfeited to Cascade County.
>
> Polejewski appealed the district court's forfeiture order to the Montana Supreme Court. In a non-citable opinion, the Montana Supreme Court affirmed the district court's order. *State v. Polejewski*, 2020 MT 287N, ¶ 6, 402 Mont. 427, 474 P.3d 1289.
>
> On December 4, 2020, Polejewski filed a "motion for reconsideration" regarding the forfeiture order. She also filed a motion requesting that the district court grant a preliminary injunction to restrain the enforcement of the forfeiture order. Two weeks later, she requested a hearing on the constitutionality of § 27-1- 434, MCA.
>
> As requested, the district court set a hearing which was held on February 18, 2021. The court heard evidence and argument regarding the constitutionality of § 27-1-434, MCA, and ruled that the statute was constitutional. In addition, the court held the State legally exercised its authority to dispose of the animals under the forfeiture order, rendering moot Polejewski's request for an injunction. Polejewski again appealed to the Montana Supreme Court, which affirmed the district court's order. *State v. Polejewski*, 2021 MT 283N, ¶ 12, 407 Mont. 440, 497 P.3d 1184.
>
> Polejewski then brought this action against Fries, the public defender who defended her in the civil forfeiture hearing. She requested relief in the form of postconviction relief from the civil forfeiture proceeding and from the pending criminal matter. She also seeks relief from judgment under Mont. R. Civ. P., Rule 60.

¶5 In this case, Polejewski sought relief from other legal causes—seeking the District Court to overturn the final judgment issued in her civil forfeiture proceeding and to intercede in her pending criminal proceeding. The District Court determined it did not have jurisdiction to interfere with these other proceedings and, as such, granted dismissal.

¶6 As a district court's ruling under M. R. Civ. P. 12(b)(1) is a conclusion of law, we review it de novo for correctness. *Stowe v. Big Sky Vacation Rentals, Inc.*, 2019 MT 288, ¶ 12, 398 Mont. 91, 454 P.3d 655.

¶7 In her opening brief, Polejewski asserts this is "A FRAUD, MISREPRESENTATION, NEGLIGENCE, INEFFECTIVE ASSISTANCE OF LEGAL COUNSEL COMPLAINT ON APPEAL" and continues to seek relief relating to her prior civil forfeiture suit and her criminal cause. Appellees assert "this lawsuit [is] an improper collateral attack on a pending criminal case against her for animal cruelty and a completed civil forfeiture hearing." We agree with Appellees.

¶8 Polejewski sought post-conviction relief in this matter for purported ineffective assistance of counsel in her prior civil forfeiture case. The District Court correctly determined, pursuant to § 46-21-101, MCA, postconviction relief was only available in criminal proceedings. Thus, postconviction relief was not available to Polejewski's forfeiture proceeding as that was a civil proceeding.

¶9 Polejewski also sought postconviction relief from the District Court in this matter for purported ineffective assistance of counsel in her ongoing criminal case which had not yet been adjudicated. The District Court correctly determined, pursuant to § 46-21-102, MCA, that postconviction relief can only be sought after a conviction becomes final. Thus,

4

postconviction relief was not available to Polejewski as she had not yet been convicted in her pending criminal matter.

¶10 The District Court correctly determined Polejewski could not assert an independent action in equity under M. R. Civ. P. 60 to obtain further review of issues already decided in her prior civil forfeiture case. *Tucker v. Tucker*, 2014 MT 115, ¶ 18, 375 Mont. 24, 326 P.3d 413. Further, the District Court correctly determined she could not seek post judgment relief under Rule 60 of her criminal matter as there was no final judgment in her still-pending criminal matter.[1]

¶11 The District Court correctly determined Polejewski's request for injunctive relief was an attempt to relitigate the forfeiture of her animals in the forfeiture case and was moot as she was not entitled to relief from judgment in a civil proceeding that has concluded. *See Greater Missoula Area Fed'n of Early Childhood Educators v. Child Start, Inc.*, 2009 MT 362, ¶¶ 22-23, 353 Mont. 201, 219 P.3d 881.

¶12 The District Court correctly denied Polejewski's request for a stay, as such would have been futile since the District Court did not have subject matter jurisdiction. *See Mills v. Scottrade, Inc.*, 2009 U.S. Dist. LEXIS 151525, *28, 2009 WL 10701740 (recognizing a stay should not be granted in circumstances in which it would serve no purpose).

¶13 Now, for the first time on appeal, Polejewski asserts she should have been permitted to amend her complaint to add a claim for monetary damages. With rare exception, we will not consider an issue not properly preserved for appeal. *Two Leggins v. Gatrell*, 2023

---

[1] Additionally, Rule 60 relief is only available in civil matters and provides no means of relief in criminal matters.

MT 160, ¶ 11, 413 Mont. 172, 534 P.3d 668. As Polejewski did not raise this issue below, we determine she has waived it on appeal.

¶14 Finally, Polejewski asserts the District Court Judge should have recused herself as she issued the search warrant Polejewski claims is invalid in her criminal cause. Polejewski failed to file a motion for substitution or disqualification under either § 3-1-804 or § 3-1-805, MCA, and has failed to make any showing of bias or prejudice. Thus, there is no merit to this assertion.

¶15 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶16 Affirmed.

/S/ INGRID GUSTAFSON

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ JIM RICE